**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5231**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MATTHEW JAMES RUSSO,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:09-cr-00191-REP-1)

———————

Submitted:  December 30, 2010        Decided:  January 21, 2011

———————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Carolyn V.
Grady, Assistant Federal Public Defender, Richmond, Virginia,
for Appellant.  Neil H. MacBride, United States Attorney, Samuel
E. Fishel, Special Assistant United States Attorney, Richmond,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Russo appeals his conviction for knowingly attempting to receive material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). On appeal, Russo contends that the evidence was insufficient to support his conviction and that the district court constructively amended the indictment by allowing the Government to broaden the bases for conviction beyond those contained in the indictment. We affirm.

Russo first questions whether the evidence was sufficient to support his conviction of attempt to receive material containing child pornography. In particular, Russo argues that the Government failed to demonstrate that he took a substantial step necessary to commit the offense.

> The standard of review in criminal cases where the district court sits in judgment without a jury is well-settled. We review findings on factual issues other than the ultimate issue of guilt using the clearly erroneous test. On the ultimate issue of guilt, we review the district court's finding to determine if it is supported by substantial evidence.

United States v. Lockhart, 382 F.3d 447, 451 (4th Cir. 2004). In determining whether the evidence in the record is substantial, this Court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond

2

a reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In order to prove the charged offense, the Government needed to establish beyond a reasonable doubt that Russo attempted to knowingly receive material containing child pornography.  See 18 U.S.C. § 2252A(a)(2)(B).  In order to prove an attempt, the Government must demonstrate that

> (1) the defendant had the requisite intent to commit a crime; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of the defendant's criminal purpose; and (4) the act fell short of the commission of the intended crime due to intervening circumstances.

United States v. Pratt, 351 F.3d 131, 135 (4th Cir. 2003). After reviewing the record, we conclude that the evidence is sufficient to sustain Russo's conviction.

Next, Russo contends that the district court constructively amended the indictment by allowing the Government to broaden the bases for conviction beyond those charged in the indictment.  Specifically, Russo argues the "material containing child pornography" language of § 2252A(a)(2)(B) "put Russo on notice that the subject of the offense was his alleged attempted access to Illegal.CP."  Thus, Russo contends that when the Government submitted evidence of pornographic images found in the cache and unallocated space of his computer, this broadened

the bases for conviction, thereby resulting in constructive amendment of the indictment.

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court, (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks and citation omitted). A constructive amendment is error per se, and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal, even when not preserved by objection." Floresca, 38 F.3d at 714. When considering a constructive amendment claim, the key inquiry is whether the defendant has been tried on charges other than those made in the indictment. Id. After reviewing the record, we conclude that the Government did not constructively amend the indictment.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

4

legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED